## UNITED STATES DISTRICT COURT
### FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CR-19-387-PRW** |
| | ) | |
| **CHRISTINA ROCHELLE ANGLIN,** | ) | |
| | ) | |
| **Defendant.** | ) | |

### ORDER

Before the Court is Defendant's unopposed Motion to Continue Jury Trial (Dkt. 29).[1] The Court previously granted a continuance to the July 2020 trial docket,[2] but the unprecedented COVID-19 pandemic prevents the trial from taking place at that time. Upon consideration of the motion, the Court finds that the interests of justice are served by a continuance to a December 2020 jury trial date.

The Speedy Trial Act is designed to protect a criminal defendant's Sixth Amendment "right to a speedy . . . trial" and to "serve the public interest in ensuring prompt criminal prosecutions."[3] Section 3161(c)(1) of the Act requires that a criminal trial "commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial

---

[1] While the motion states that Defendant's request is opposed, the government's response reveals that it does not oppose an ends of justice continuance to December 2020. *See* Resp. (Dkt. 31).

[2] *See* Order (Dkt. 19).

[3] *United States v. Williams*, 511 F.3d 1044, 1047 (10th Cir. 2007) (citing *Zedner v. United States*, 547 U.S. 489 (2006)).

officer of the court in which such charge is pending, whichever date last occurs."[4] But the Act also provides "a detailed scheme [in § 3161(h)] under which a number of specified intervals are excluded from the seventy-day computation, thus tolling the speedy trial calendar."[5] "If a defendant is not brought to trial within the time limit required by section 3161(c) as extended by section 3161(h)," the sanction is mandatory dismissal of the indictment upon motion of the defendant.[6]

Section 3161(h)(7)(A) requires exclusion of the following period of delay in computing the time within which the trial must commence:

> Any period of delay resulting from a continuance granted by any judge on his own motion or at the request of the defendant or his counsel or at the request of the attorney for the Government, if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.[7]

To make an ends-of-justice exclusion, however, the Act requires this Court to "set[] forth, in the record of the case, either orally or in writing, its reasons for finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial."[8] Moreover, the Act requires the Court to consider the following factors:

> **(i)** Whether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice.

---

[4] 18 U.S.C. § 3161(c)(1) (2012).

[5] *Williams*, 511 F.3d at 1047–48.

[6] 18 U.S.C. § 3162(a)(2) (2012).

[7] *Id.* § 3161(h)(7)(A).

[8] *Id.*

**(ii)** Whether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by this section.

**(iii)** Whether, in a case in which arrest precedes indictment, delay in the filing of the indictment is caused because the arrest occurs at a time such that it is unreasonable to expect return and filing of the indictment within the period specified in section 3161(b), or because the facts upon which the grand jury must base its determination are unusual or complex.

**(iv)** Whether the failure to grant such a continuance in a case which, taken as a whole, is not so unusual or so complex as to fall within clause (ii), would deny the defendant reasonable time to obtain counsel, would unreasonably deny the defendant or the Government continuity of counsel, or would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.[9]

This ends-of-justice exclusion "was meant to be a rarely used tool for those cases demanding more flexible treatment."[10] The statutory requirement that a district court specify its reasons for granting an ends-of-justice continuance ensures that the relevant factors are being considered, avoids the risk of granting continuances for the wrong purposes, prevents overuse of this narrow exception, and provides the appellate courts with an adequate record to review.[11]

Specifically, the Court finds that the best interests of the public and Defendant in a speedy trial are outweighed by the need for a limited continuance for the following reasons: The undisputed information presented by Defendant reveals that the case is complex—it

---

[9] *Id.* § 3161(h)(7)(B).

[10] *United States v. Toombs*, 574 F.3d 1262, 1269 (10th Cir. 2009) (quoting *United States v. Doran*, 882 F.2d 1511, 1515 (10th Cir. 1989)).

[11] *Id.* (citing *Doran*, 882 F.2d at 1515).

involves multiple, multi-state companies and individuals, and a tribal government, as well as a myriad of investigative agencies, all of which are part of and have been the subject of a much larger investigation occurring over an extended and varied period of time, into which the allegations of this Indictment are subsumed. The complexity of the case is increased by the volume of discovery. In terms of scheduling, the parties represent that scheduling conflicts affecting the preparation of the defense due to the effects of COVID-19 and affecting the availability of Government counsel and a key government witness during October and November trial dockets support a December 2020 trial docket. The parties have also represented that they are engaged in good faith efforts to resolve this matter prior to trial, and that further time may allow the parties to do so. In support of her Motion, Defendant waived her speedy trial right through the December 2020 jury trial docket.[12]

The Court further finds that the ends of justice are served by granting a continuance of the existing deadlines to allow Defendant's counsel to adequately prepare for the case considering his recent appointment to this case. This interest outweighs the best interests of the public and Defendant to an earlier trial setting, because otherwise Defendant will be unprepared to proceed to trial and a miscarriage of justice will result. In addition, the Court finds the denial of this motion would unreasonably deny Defendant and the government reasonable time necessary for effective preparation, taking into account the exercise of due diligence by counsel.[13] The Court further determines that the period of delay caused by the

---

[12] *See* Dkt. 30.

[13] Moreover, due to the COVID-19 pandemic, the Court suspended all criminal and civil jury trials for the months of April, May, and June 2020. *See* Order ¶ 3, at 1, *In re Serv. Of*

granting of the motion is excludable for purposes of the Speedy Trial Act, under 18 U.S.C

§ 3161(h)(7).[14]

Accordingly, the Court **GRANTS** the Defendant's unopposed Motion to Continue

Jury Trial (Dkt. 29), **STRIKES** the current setting from the Court's July 2020 trial docket,

and **RESETS** this case on the Court's December 2020, trial docket.

The Court further **STRIKES** current motion and production deadlines to be reset in

conformity with a setting on the December 2020 trial docket.

**IT IS SO ORDERED this 19th day of June, 2020.**

_____
PATRICK R. WYRICK
UNITED STATES DISTRICT JUDGE

---

*Process by U.S. Marshals Serv. & Suspension of Grand Jury Sessions & Jury Trials*, No. G.O. 20-8 (W.D. Okla. Mar. 17, 2020); Order ¶ 2, at 1, *In re Suspension of Grand Jury Sessions & Jury Trials in May 2020*, No. G.O. 20-10 (W.D. Okla. Apr. 3, 2020); Order ¶ 2, at 1, *In re Suspension of Jury Trials & Naturalization Ceremonies*, No. G.O. 20-13 (W.D. Okla. May 6, 2020). On June 10, 2020, the Chief Judge of the U.S. District Court for the Western District of Oklahoma entered General Order No. 20-17, stating that "[t]he Court will conduct *limited* criminal jury trials in July 2020," that "[c]ounsel will be advised by the presiding judge if their case is set on the July 2020 docket," and that "[a]ll other criminal jury trials on the July 2020 docket are continued, to be reset by the presiding judge, who will also address trial-related deadlines." Order at 1, *In re Resumption of Criminal Jury Trials & Suspension of Civil Jury Trials*, No. G.O. 20-17 (W.D. Okla. June 10, 2020) (emphasis added). This action will not be one of the limited criminal jury trials conducted in July 2020.

[14] 18 U.S.C. §3161(h)(7)(B) (ii) & (iv).