# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. CR-19-387-G |
| ) | |
| CHRISTINA ROCHELLE ANGLIN, ) | |
| a/k/a Christy Anglin, ) | |
| ) | |
| Defendant. ) | |

## ORDER

Now before the Court is a Motion in Limine (Doc. No. 71) filed by Defendant Christina Rochelle Anglin. Plaintiff United States of America has responded (Doc. No. 74). The parties further addressed the Motion in open court on October 7, 2021.

*I.   Background*

Defendant has been charged with six counts of willfully failing to account for and pay over payroll taxes for a company called Atmospheric Technology Services Company ("ATSC"). *See* Indictment (Doc. No. 1) (alleging violation of 26 U.S.C. § 7202).[1] The charged actions are alleged to have occurred during the second quarter of 2017 through the third quarter of 2018. This case is set for jury trial on the Court's October 2021 docket.

On June 17, 2021, the Government filed a Notice pursuant to Federal Rule of Evidence 404(b)(3). The Notice identified several categories of evidence that could be

---

[1] ASTC was one of several entities owned by the Alabama-Quassarte Tribal Town ("AQTT"). Another AQTT company was AQuate Corporation ("AQuate"). Defendant was the Controller, and later the Chief Financial Officer, for AQTT companies, including ATSC and AQuate. Gov't Notice (Doc. No. 58) at 1-3.

found to constitute evidence of "other crime[s], wrong[s], or acts" under Federal Rule of Evidence 404(b).  Fed. R. Evid. 404(b)(1); *see id.* R. 404(b)(3).  Defendant objects to one of the three categories so identified, arguing that admission of any such evidence is precluded under the Rule.

II.   *Discussion*

The challenged category of evidence is described by the Government as follows:

> [I]n June 2017, [Defendant] made false statements to the accounting firm Hill & Fogg regarding the nature of Aaron Terry's personal expenses charged to AQTT companies.  In particular, [Defendant] represented to the accounting firm that certain personal expenses were not loans to Terry, but distributions from AQTT.  At the time, [Defendant] knew that the expenses included Terry's personal expenses, including a loan to purchase a BMW.  [Defendant's] false representations had the effect of leaving less money available to pay ATSC payroll tax liabilities, and these representations evidence [Defendant's] willfulness, motive, knowledge, and intent regarding her authorization of payments *other than* ATSC payroll tax.

Gov't Notice at 4 (footnote omitted).[2]  Defendant similarly describes the pertinent evidence as statements made by Defendant "to the companies' auditors about how to handle non-business expenses incurred by company executives, including tribal companies CEO Aaron Terry, using company credit cards," in connection with the auditors' review of "2016 financials" for a period ending on September 30, 2016.  Def.'s Mot. at 2-3.

Defendant in her Motion in Limine seeks exclusion of this evidence (the "Accounting Statements"), arguing that the Government improperly seeks to introduce this evidence for propensity purposes and that the evidence is otherwise inadmissible under

---

[2] Mr. Terry "acted in several roles for the AQTT companies, including as a manager for [Defendant]."  Gov't Resp. at 2; *see also* Indictment ¶ 6 (alleging that Defendant "ultimately reported to [Mr. Terry]").

2

Rule 403 of the Federal Rules of Evidence. *See* Def.'s Mot. at 2-8 (citing Fed. R. Evid. 403, 404(b)(1)). The Government counters that the Accounting Statements are both probative and material and that they are admissible as intrinsic evidence—i.e., "evidence of acts or events that are part of the crime itself, or evidence essential to the context of the crime," that "does not fall under the other crimes limitations of Rule 404(b)." *United States v. Parker*, 553 F.3d 1309, 1314-15 (10th Cir. 2009); *see* Gov't Resp. at 5-6, 7-10. The Government alternatively argues that the Accounting Statements may properly be admitted for a permitted purpose under Rule 404(b). *See* Gov't Resp. at 6-7.

    A. *Intrinsic Evidence*

Rule 404(b) limits the admission of evidence of other crimes, wrongs, or acts, but "it is well settled that Rule 404(b) does not apply to other act evidence that is intrinsic to the crime charged." *Parker*, 553 F.3d at 1314 (alteration and internal quotation marks omitted); *see also United States v. Gorman*, 312 F.3d 1159, 1162 (10th Cir. 2002) ("[A]cts intrinsic to or intertwined with the charged acts are not Rule 404(b) acts."). "Generally speaking, intrinsic evidence is directly connected to the factual circumstances of the crime and provides contextual or background information to the jury. Extrinsic evidence, on the other hand, is extraneous and is not intimately connected or blended with the factual circumstances of the charged offense." *Parker*, 553 F.3d at 1314 (alteration and internal quotation marks omitted).[3]

---

[3] The Sixth Circuit has persuasively summarized the boundaries of the exception for evidence of background or context:

> [T]he 'background circumstances exception' . . . is not an open ended basis to admit any and all other act evidence the proponent wishes to introduce. . . . . [B]ackground

3

Defendant focuses on the timing of the Accounting Statements and argues that they are extrinsic to the case because they "concern the auditing process for . . . FY2016, which ends in September 2016," whereas the Indictment concerns payroll taxes owed for 2017 and 2018. Def.'s Mot. at 3-4.

It is correct that the transactions referenced in the Accounting Statements took place in 2016, prior to the charged conduct. The Accounting Statements were prepared in May-June of 2017, however. It was during that time period that Defendant allegedly instructed the auditors "to essentially write-off [Mr.] Terry's loans." Gov't Resp. at 3, 9. And it was during that time period that Defendant allegedly failed to account for and pay over taxes owed. *See* Def.'s Mot. at 4 ("The Indictment concerns payroll taxes owed . . . from April 1, 2017 through September 30, 2018."); *see also* Indictment ¶ 13. The Court therefore finds that the challenged evidence has a "temporal . . . connection with" and "provides contextual . . . information" for the charged offenses. *Hardy*, 228 F.3d at 748; *Parker*, 553 F.3d at 1314; *cf. United States v. Kupfer*, 797 F.3d 1233, 1238 (10th Cir. 2015) ("We regard evidence as intrinsic when it . . . occurred within the same time frame as the activity in the conspiracy being charged . . . .").

---

or *res gestae* evidence consists of those other acts that are inextricably intertwined with the charged offense or those acts, the telling of which is necessary to complete the story of the charged offense.

Proper background evidence has a causal, temporal or spatial connection with the charged offense. Typically, such evidence is a prelude to the charged offense, is directly probative of the charged offense, arises from the same events as the charged offense, forms an integral part of the witness's testimony, or completes the story of the charged offense.

*United States v. Hardy*, 228 F.3d 745, 748 (6th Cir. 2000) (citation omitted).

Further, the Government has sufficiently demonstrated that the Accounting Statements—including Defendant's representation to the accountants "that the charges were 'mostly misclassified' as loans to [Mr.] Terry and were instead 'mainly purchases for the tribe'"—were "'inextricably intertwined' with the charged conduct" and are "entirely germane background information" "directly connected to the factual circumstances of the crime." Gov't Resp. at 3; *Kupfer*, 797 F.3d at 1238 (internal quotation marks omitted).

Moreover, Defendant's ability to manipulate the relevant accounts and records bears upon the control that she exercised over the entities' finances.

For all these reasons, the Court overrules Defendant's objection and finds that the Accounting Statements may properly be considered as intrinsic to the conduct charged. The Court need not reach Defendant's arguments for inadmissibility under Federal Rule of Evidence 404(b). *See Parker*, 553 F.3d at 1314.

### B. Federal Rule of Evidence 403

Rule 403 of the Federal Rules of Evidence prescribes: "The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. "Excluding otherwise admissible evidence under Rule 403 is an extraordinary remedy that should be used sparingly." *United States v. Leonard*, 439 F.3d 648, 652 (10th Cir. 2006) (alteration and internal quotation marks omitted).

Defendant argues that the Accounting Statements are inadmissible under Rule 403 because their probative value is substantially outweighed by the potential for unfair

5

prejudice, juror confusion, misleading the jury, and wasting time. *See* Def.'s Mot. at 7-8; *see also id.* at 6-7. Defendant argues that admitting this evidence will require "a trial-within-a-trial" regarding the veracity of the Accounting Statements, which will create "an inference that [Defendant] was a bad actor in the past" and will not "help[] the jury understand" the relevant finances and ATSC tax liabilities. *Id.* at 6-8.

The Court finds that the Accounting Statements shed light on Defendant's knowledge of and her willingness to make decisions regarding AQTT finances, both of which are relevant to the willfulness aspect of the charged offenses. *See* 26 U.S.C. § 7202 (prescribing that a person "who willfully fails to collect or truthfully account for and pay over" the required tax shall be guilty of a felony); *United States v. Kaatz*, 705 F.2d 1237, 1246 (10th Cir. 1983) ("Willfulness may be inferred from 'concealment of assets or covering up sources of information, handling of one's affairs to avoid making the records usual in transactions of the kind, and any conduct, the likely effect of which would be to mislead or conceal.'" (quoting *Spies v. United States*, 317 U.S. 492, 499 (1943))); *cf. United States v. Farr*, 701 F.3d 1274, 1282-83 (10th Cir. 2012) (finding that evidence of manager's skimming of cash was relevant "for purposes of establishing that [Defendant] intended to evade payment of the . . . taxes and resulting . . . penalty, and that she willfully committed an affirmative act, i.e., concealment of her financial assets, in furtherance of that intent").

As to undue prejudice, the Court does not agree that use of such evidence will necessarily require a lengthy mini-trial or be unduly confusing. "Evidence is not unfairly prejudicial simply because it is damaging to an opponent's case." *United States v.*

6

*Caraway*, 534 F.3d 1290, 1301 (10th Cir. 2008) (internal quotation marks omitted). Rather, "[e]vidence is unfairly prejudicial when it has the capacity 'to lure the factfinder into declaring guilt on a ground different from proof specific to the offense charged.'" *United States v. Ashlock*, 224 F. App'x 803, 806 (10th Cir. 2007) (quoting *Old Chief v. United States*, 519 U.S. 172, 180 (1997)). Defendant likewise fails to show that the jury's consideration of misleading or false statements to an accounting firm would have an "undue tendency" to suggest a decision be made on "an improper basis," given the Government's intention to present other evidence of Defendant's day-to-day expense and payment decisions and those decisions' effect on the funds available for payment of tax liability. *Caraway*, 534 F.3d at 1301 (internal quotation marks omitted).

Accordingly, the Court overrules Defendant's objection that the Accounting Statements are inadmissible pursuant to Federal Rule of Evidence 403.

## CONCLUSION

For the reasons outlined above, Defendant's Motion in Limine (Doc. No. 71) is DENIED.

IT IS SO ORDERED this 13th day of October, 2021.

_____
CHARLES B. GOODWIN
United States District Judge