# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. CR-19-387-G |
| | ) | |
| CHRISTINA ROCHELLE ANGLIN, | ) | |
| a/k/a Christy Anglin, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

On November 7, 2025, the Court issued a ruling on the motion for new trial filed by Defendant Christina Rochelle Anglin. *See* Order of Nov. 7, 2025 (Doc. No. 165). The Court's Order denied Defendant's request for a new trial under Federal Rule of Criminal Procedure 33(a). *See id.* at 11. The Order further stated: "Defendant's alternative request for an evidentiary hearing is granted insofar as the Court will consider any specific request to conduct further investigation" into the security camera's presence during jury deliberations, as outlined by the Court and by the Tenth Circuit Court of Appeals in *United States v. Sanchez*, No. 22-6067, 2024 WL 1502097 (10th Cir. Apr. 8, 2024). *See* Order at 11.

On November 20, 2025, Defendant filed a notice of appeal to the Tenth Circuit. *See* Doc. No. 168; *United States v. Anglin*, No. 25-6191 (10th Cir.). Following a December 1, 2025 status conference in this Court, Defendant and the Government each submitted a supplemental brief addressing whether this Court retains jurisdiction to proceed with the inquiry into the security-camera issue. *See* Doc. No. 171; Gov't's Br. (Doc. No. 172);

Def.'s Br. (Doc. No. 175); *see also Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982) ("The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court over those aspects of the case involved in the appeal.").

The case docket for Defendant's pending appeal reflects that the appellate court has been presented with, but has not yet decided, an inquiry as to its own jurisdiction—and, by extension, the question of whether and to what extent this Court should proceed in this matter. *See, e.g.*, Gov't's Br. Ex. 1, Gov't's Mot. to Dismiss Appeal (Doc. No. 172-1); *Anglin*, No. 25-6191 (10th Cir. Dec. 31, 2025) (order referring the Government's Motion to Dismiss Appeal to the merits panel). Rather, the Tenth Circuit has stated: "The [appellate] court may have jurisdiction to consider some portion of the post-judgment order being appealed, but no conclusive decision will be made regarding the existence or scope of appellate jurisdiction now or before briefing on the merits is completed.").

In light of the Tenth Circuit's statement, and the obvious overlap between the factual and legal issues "involved in the appeal" and those presented by any consideration of the security-camera issue herein,

IT IS ORDERED that no additional proceedings shall be conducted with respect to the Court's Order of November 7, 2025, absent further guidance from the Tenth Circuit and further order of this Court. This case shall remain closed unless otherwise ordered.

2

IT IS SO ORDERED this 8th day of April, 2026.

CHARLES B. GOODWIN
United States District Judge